UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

NIQUAY DEJUAN BAKER,

        Defendant.

_____/

Case No. 1:03-CR-78-01

Hon. Richard Alan Enslen

**<u>ORDER</u>**

Plaintiff United States of America has moved to reduce Defendant Niquay DeJuan Baker's sentence pursuant to Federal Rule of Criminal Procedure 35(b) because of substantial assistance to the authorities.  Defendant has filed his own memoranda favoring the motion.  Defendant does not desire to be returned for hearing because of his present involvement in prison programs and work.

Defendant was originally sentenced on September 9, 2003 to a term of 108 months (based on a total offense level 30 and a criminal history category II).  This scoring reflected a three-level reduction for substantial assistance.  The present motion seeks a five-level reduction for further assistance.  The additional assistance included agreeing to testify in the trial of another cocaine conspirator–Anthony Fitzgerald Scott (case no. 1:04-cr-30).  Scott has told investigators that Baker's willingness to testify against him caused him to plead guilty.  Scott's guilty plea in turn caused another co-defendant, John Bradley, to plead guilty.  Baker also assisted somewhat in the prosecution of Oreanda Jabbar Hall, who was charged in a separate cocaine base conspiracy (case no. 1:03-cv-79), by agreeing to testify against Hall.  Hall pleaded guilty, making the testimony unnecessary.  Baker was one of some six witnesses prepared to testify against Hall.  According to the Government, Baker is also assisting a KVET detective, Bill Moorian, regarding the state level

prosecution of one Corey McCants.  Based on all such cooperation, the Government requests a five-level departure, *i.e.,* level 25 and a range of 63-78 months.

As recognized by the Government's motion, the Court has considerable discretion to both evaluate whether Rule 35 relief should be afforded and to determine the extent of such relief.  *See United States v. Levy,* 904 F.2d 1026, 1035 (6th Cir. 1990).  In the instant case, Defendant has provided substantial assistance in multiple cases by standing ready to testify.  This assistance has resulted in multiple convictions as to serious drug charges.  The information provided has been corroborated, to the extent possible, by the Government and appears truthful and reliable.  Further, Defendant himself appears to have adjusted well to incarceration and taken advantage of programing and job assignments.  Upon reflection of these facts as well as the factors pertinent to sentencing under 18 U.S.C. § 3553(a) & (e), the Court finds that the motion should be granted and Defendant should be re-sentenced to a term of 63 months (the low-end of the applicable guideline range).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion to Reduce Sentence (Dkt. No. 32) is **GRANTED**.

**IT IS FURTHER ORDERED** that an Amended Judgment shall enter which reduces Defendant's total offense level to 25 and his sentence to 63 months incarceration as to both Counts One and Two (to be served concurrent), but otherwise imposes the same terms previously imposed by the Amended Judgment of September 16, 2003.

Dated in Kalamazoo, MI:                 /s/Richard Alan Enslen
July 18, 2005                       Richard Alan Enslen
                                 United States District Judge

2